```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION


WILLIAM D. CHASE,                  :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :
                                   :     CIVIL ACTION 13-0077-KD-M
ACE HARDWARE CORPORATION,          :
                                   :
     Defendant.                    :
```

REPORT AND RECOMMENDATION

The Motion to Remand (Doc. 5) filed by Plaintiff has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2.  Jurisdiction has been invoked in this Court under 28 U.S.C. § 1332.  After consideration, it is recommended that Plaintiff's motion be denied.

The facts are, briefly, as follows.  On January 10, 2013, Plaintiff William D. Chase was fired from his job as a warehouse supervisor for thirteen years by employer Defendant Ace Hardware Corporation (hereinafter *Ace*) (Complaint, ¶¶ 1-3, 5-6).[1]  On January 25, Plaintiff filed this action in the Baldwin County Circuit Court, claiming age discrimination under Alabama law (Complaint).  On February 20, Ace removed the action to this

---

[1] The Complaint can be found at pages 7-9 of Document One.

1

Court, asserting diversity jurisdiction under 28 U.S.C. § 1332 (Doc. 1).  Five days later, Chase filed this Motion to Remand (Doc. 5) to which Defendant has replied (Doc. 8).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and that this action is removable pursuant to 28 U.S.C. § 1446 (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy which must be narrowly construed so as to limit federal jurisdiction.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending.  28 U.S.C. § 1441(a).  The district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all

defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse; Plaintiff admits as much (Doc. 5, p. 1) ("[I]t is undisputed that there is diversity of citizenship").  What is disputed is whether the matter in controversy exceeds $75,000.  Chase argues that the jurisdictional requirement of $75,000 has not been proven by Defendant (Doc. 5).

The damages sought by Chase are "backpay, compensatory or liquidated damages and/or reinstatement, and attorney's fees and expenses, and all other damages this Honorable Court deems proper" (Complaint, p. 3).  To determine the extent of those damages, one would have to know what period of time must be considered for totaling those damages.

Plaintiff has suggested that "back pay should be calculated to the date of removal" (Doc. 5, p. 6) (*citing Snead v. AAR Mfg., Inc.*, 2009 WL 3242013, at *3 (M.D. Fla. 2009) ("At the time of removal, the back pay claim of $43,548.12 does not reach the jurisdictional amount.  Further, that amount cannot be satisfied by speculation as to the amount of damages through the date of trial").  The *Snead* Court noted that part of its reasoning in using the removal date, as opposed to the trial date, for calculating these damages was based on *Lowery*'s cautionary note about speculation.  *See Lowery*, 483 F.3d at

3

1210-11.

However, Defendant has cited cases post-dating *Snead* that hold that damages are to be calculated until the date of trial (Doc. 1, p. 3). *See Fusco v. Victoria's Secret Stores*, 806 F.Supp.2d 1240, 1244 (M.D. Fla. 2011) ("It appears that back pay for purposes of the amount in controversy requirement should be calculated to the date of trial"); *Penalver v. Northern Electric, Inc.*, 2012 WL 1317621, at *2 (S.D. Fla. April 17, 2012) ("First, for purposes of the amount in controversy requirement, back pay should be calculated from the date of the adverse employment action until the date of trial"); *Morris v. Plant Performance Services, LLC*, 2011 WL 6203497, at *1 (N.D. Fla. December 13, 2011) ("back pay for purposes of the amount in controversy requirement should be calculated to the date of trial") (*quoting Fusco*, 806 F.Supp.2d at 1244).  This Court finds that calculating back pay from the date a claimant was terminated until the date of trial to be a more accurate reflection of those damages than calculating them, as Plaintiff had suggested, to the date of removal.  Therefore, the Court will calculate damages here accordingly.

So the question before the Court is when will this action likely make it to trial.  Current scheduling in this Court

indicates that the very earliest that this action could proceed to trial in this Court would be January 2014.[2]  The Court will use a period of one year to calculate the amount of damages to be expected for back pay should Chase be victorious in this action.

    Plaintiff admits that his gross annual salary is $56,200.55, but asserts that his net salary is only $38,472.00 per year and that that is the amount that the Court should consider (Doc. 5, pp. 5-6; see also Exhibit 4).  There is no cited support for his assertion.  The Court rejects this argument and finds that Chase's gross annual salary of $56,200.55 is the amount from which this Court should begin to determine back pay damages to which he would be entitled one year after he was terminated from his job.

    Plaintiff has argued that this figure fails to take into account any setoff or mitigation amount that would be deducted from the back pay amount in the event he finds another job (Doc. 5, p. 7).  See Fusco, 806 F.Supp.2d at 1243 ("most courts

---

[2] Even a January trial setting is unlikely, according to Judge DuBose's Courtroom Deputy, based on the average time it takes for an action to reach trial once it goes through six months of discovery, followed by a period allowing for motions for summary judgment. Discovery dates have not even been set in this action as the Rule 26 Meeting Report is not due until April 26, 2013 (see Doc. 7). According to the Courtroom Deputy, a trial would not be scheduled, most likely, until April 2014, but January 2014 is not out of the realm of possibility.

consider mitigation when calculating back pay if the plaintiff submits affidavits or other evidence specifying the amount of mitigation").  While Chase's citation of law is correct, he has not brought forth any evidence that he has acquired other paying work, so mitigation is not an issue at this point in time.

In its reply brief, Defendant notes that Plaintiff is seeking "liquidated damages (double backpay)" (Doc. 8, p. 4). Indeed, Chase's Complaint claims that "Defendant willfully discriminated against the Plaintiff in clear violation of Alabama Code § 25-1-21" (Complaint, ¶ 12); Plaintiff goes on to request liquidated damages (Complaint).

The Court notes that the Alabama statute under which this action is brought states that "the remedies . . . under this article shall be the same as those authorized by the federal Age Discrimination in Employment Act."  Ala. Code ¶ 25-1-29.  In *Hunter v. City of Mobile*, 2010 WL 1511569 (S.D. Ala. 2010), Judge DuBose discussed a claim "for liquidated damages under the [federal] ADEA and Alabama ADEA," noting the following:

> The ADEA incorporates the enforcement powers, remedies, and procedures of the Fair Labor Standards Act ("FLSA") set forth in 29 U.S.C. §§ 211(b), 216 (except for subsection (a)), and 217.  29 U.S.C. § 626(b).  The enforcement provision of the [ADEA] expressly provides for imposition of liquidated damages payable "in cases of willful violations of this chapter."  29 U.S.C. § 626(b).  The FLSA further provides

6

> that "[a]ny employer who violates [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional amount as liquidated damages. 29 U.S.C. § 216(b). Thus, when a jury finds that an employer willfully violated the ADEA, the basic damages award may be doubled under this liquidated damages provision.

*Hunter*, 2010 WL 1511569, at *1 (*quoting Potence v. Hazelton Area School District*, 357 F.3d 366, 372-73 (3rd Cir. 2004)). The Court finds that with the possibility of liquidated damages, back pay of one year's salary at $56,200.55 could be doubled to $112,401.10.[3] This clearly satisfies the jurisdictional requirement of $75,000.00.[4]

After reviewing all of the relevant pleadings of record, the Court finds that Defendant has demonstrated, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement of $75,000.00 and that this Court does enjoy diversity jurisdiction over this matter.

---

[3] The Court notes that even if the Court had accepted Plaintiff's argument that it should only consider his net salary of $38,472.00, a doubling of this amount would be $76,944.00.

[4] The Court notes that it has not considered Defendant's argument that Ace paid an additional $1,035.51/month in employee benefits to Chase (Doc. 1, p. 2; Doc. 8, p. 2) or Plaintiff's claim for attorney's fees (Complaint) in determining whether the jurisdictional requirement has been met. Those amounts would add to a sum that already surpasses the requirement.

Therefore, it is recommended that Plaintiff's Motion to Remand (Doc. 5) be denied and that this action be allowed to proceed in this Court.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

    Done this 9th day of April, 2013.

                                    s/BERT. W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE